

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2006

# In Re: Orpah Barbel

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4515

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Orpah Barbel " (2006). *2006 Decisions.* Paper 971.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/971

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 04-4515/4516/4517
_____

IN RE: ORPAH BARBEL,

Debtor

ORPAH BARBEL,

Appellant

_____

Appeal from the District Court of the Virgin Islands
(Division of St. Thomas)
(Nos. 03-cv-00082; 04-cv-00115 and 01-cv-00113)
Chief District Judge: Honorable Raymond L. Finch
_____

Argued on May 8, 2006

BEFORE: FISHER, COWEN and ROTH*, <u>Circuit Judges</u>

(Opinion Filed:   June 2, 2006)

_____

*Effective May 31, 2006, Judge Roth assumed senior status.

Orpah Barbel
P. O. Box 4934, 19F Solberg
Charlotte Amalie, St. Thomas
U.S. Virgin Islands    00803

       Pro Se


William J. Glore, Esquire
Dudley Clark & Chan
9720 Estate Thomas, Suite 1
Charlotte Amalie, St. Thomas
U.S. Virgin Islands    00802

       Attorney for Appellee First Bank Puerto Rico,
       as successor-in-interest to The Chase Manhattan Bank,
       N.A.

---

## O P I N I O N

---

**ROTH**, Circuit Judge:

This is an appeal from the District Court's order upholding the order of the

Bankruptcy Court that dismissed Orpah Barbel's Chapter 13 bankruptcy petition. For the

reasons stated below, we will affirm the decision of the District Court.

**I.      Factual Background and Procedural History**

As the facts are well known to the parties, we give only a brief description of the

issues and procedural posture of the case.

Orpah Barbel entered into a mortgage agreement in the amount of $376,000 with

Chase Manhattan Bank, succeeded now in interest by FirstBank Puerto Rico (collectively "Chase").[1]  The note was secured by two pieces of real property owned by Barbel:  Parcel No. 19F Estate Solberg and Parcel No. 23 Crystal Gade, both located on St. Thomas in the U.S. Virgin Islands.  By August of 1997, Barbel was in arrears on the mortgage in the amount of $21,405.  Chase commenced foreclosure proceedings on Barbel's property in the Territorial Court of the Virgin Islands in November of 1997.  On February 5, 1999, Chase was granted summary judgment by the Territorial Court against Barbel in the amount of $444,536.  While the foreclosure was pending, Hurricane Georges damaged both properties.

Before the Marshal's sale of the property could be conducted, Barbel filed a voluntary Chapter 13 bankruptcy petition on March 22, 1999.  Pursuant to § 362 of the Bankruptcy Code, 11 U.S.C. § 362, an automatic stay was entered as to the real property securing the note.  On March 29, 1999, Chase filed its proof of claim in Barbel's bankruptcy.  Barbel did not object to Chase's proof of claim, although the exact amount owed pursuant to the mortgage is disputed.

During the bankruptcy proceedings, Barbel claimed to own real property on St. Martin that could be used to finance her reorganization plan.  Barbel failed, however, to produce a deed or any equivalent documentation proving ownership of the property.  The confusion over the alleged property on St. Martin significantly delayed the proceedings.

---

[1] On October 15, 2002, Chase sold Barbel's loan, including the judgment, to FirstBank when FirstBank acquired Chase's holdings in the Virgin Islands.

Other problems with the Chapter 13 proceedings further delayed the process. For example, Barbel filed five reorganization plans during the near five year pendency of the proceedings, none of which was confirmable. She failed to meet her obligations under an interim plan to make payments of $3,000 per month. In addition, Barbel insisted on filing numerous *pro se* motions despite a court order prohibiting such action. She also repeatedly fired her attorneys. Finally, Barbel refused to document properly a sale of her formalwear inventory, which caused the Bankruptcy Court to forbid its liquidation.

On October 27, 1999, Chase filed an initial motion either to dismiss the Chapter 13 petition or to convert it to Chapter 7. In April 2001, the Bankruptcy Court lifted the automatic stay with respect to Barbel's residence – the property at 19F Solberg. Following the rejection of the fifth amended plan, on November 14, 2003, the Bankruptcy Judge granted Chase's renewed motion to dismiss Barbel's petition with prejudice. By that time, the amount of the original judgment against Barbel had reached nearly $750,000 in principal, accrued interest, fees and expenses.

Barbel appealed the order to the District Court of the Virgin Islands. On September 22, 2004, the court denied the appeal. Following a failed motion for reconsideration, on November 24, 2004, Barbel appealed to this Court.[2]

---

[2] In regard to the Chapter 13 proceedings, Barbel filed three appeals of orders of the District Court; these appeals have been consolidated. Specifically, Barbel is appealing the lifting of the stay with respect to the property at 19F Solberg, the dismissal of the Chapter 13 petition, and the Bankruptcy Court's refusal to issue a stay pending the appeal. Since we are upholding the dismissal of the Chapter 13 petition, the other appeals (04-4516 and 04-4517) are moot.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction over the appeal from the Bankruptcy Court's final judgment pursuant to 28 U.S.C. § 158(a). We have jurisdiction under 28 U.S.C. § 158(d). Our standard of review is the same as that exercised by the District Court over decisions of the Bankruptcy Court. *In re: Schick*, 418 F.3d 321, 323 (3d Cir. 2005). Accordingly, we review findings of fact for clear error and exercise plenary review over questions of law. *Id.*

## III. Discussion

11 U.S.C. § 1307(c) provides that the Bankruptcy Court may either dismiss a Chapter 13 petition or convert it into a Chapter 7 proceeding for, *inter alia*, the following reasons:

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(4) failure to commence making timely payments under section 1326 of this title;

(5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan.

In granting the motion to dismiss, the Bankruptcy Court found all three reasons applicable to Barbel's petition. We agree with the Bankruptcy Court's holding.

First, Barbel delayed the proceeding by claiming property in St. Martin, property for which she failed to provide proof of ownership, and by repeatedly replacing her lawyers. Also, Barbel failed to follow-through with a sale of formalwear inventory needed

5

to finance her plan.  Moreover, Barbel continued to file matters *pro se* after being enjoined from doing so by the court.  As to prejudice, the debt on the mortgage was increasing at a rate of $3,246 per month.

Second, Barbel failed to make consistent, timely payments according to her interim plan.  In fact, Barbel was four months in arrears when the petition ultimately was dismissed.

Finally, Barbel had five amended plans rejected as un-confirmable pursuant to 11 U.S.C. § 1325.  Barbel failed to provide documentation regarding the assets she proffered to finance the plan.  Specifically, Barbel failed to provide documentation for the property on St. Martin or to produce an adequate commitment letter from Perfect Credit Score, Inc., a company she claimed would provide a loan to meet the obligation of the Chase debt.[3]

On appeal, Barbel claims that the delays and accompanying problems were caused by the issuance of a 1099A form by Chase, providing that her debt had been "written off."[4]

---

[3] We note that Perfect Credit Score reported having trouble in getting documentation from Chase of the outstanding loan.  Perfect Credit Score did eventually file a document entitled "Mortgage Commitment Letter."  The amount committed to in the Letter was, however, less than the amount owed to Chase.

[4] The form in question notes that Barbel was not personally liable for the repayment of the mortgage.  Barbel's personal liability on the note, however, is irrelevant in regard to the propriety of continuing with a Chapter 13 proceeding, which concerned the reorganization of the estate.  Also, the bank's intent in issuing the 1099A is irrelevant; neither party disputes the fact that the bank has a securitized interest in the properties regardless of Barbel's personal liability.  Moreover, Barbel was aware of the document during the proceedings – the 1099A was issued on January 16, 2002.

6

Barbel did not raise the issue of the creditor's alleged discharge of her debt or the 1099A until after the bankruptcy court had already dismissed her Chapter 13 petition on November 14, 2003. She was, however, aware of the 1099A form during the bankruptcy proceedings. The 1099A was issued on January 16, 2002; Barbel filed her Chapter 13 petition on March 22, 1999. Generally, issues not properly raised before the Bankruptcy Court are waived.[5] *See Buncher Co. v. Official Comm. Of Unsecured Creditors of GENFARM Ltd. P'Ship IV,* 229 F.3d 245, 253 (3d Cir. 2000). Moreover, the production at this stage of the proceedings of the 1099A form does not change our analysis. When Barbel filed her Chapter 13 petition, the judgment of foreclosure had been entered; the mortgage lien on the properties was a valid one. In view of the imminent foreclosure sale, Barbel petitioned for a reorganization. The Bankruptcy Court did not err in dismissing Barbel's Chapter 13 petition on any one of the three enumerated grounds.

## IV. Conclusion

The Bankruptcy Court had three distinct reasons to dismiss Barbel's Chapter 13 petition. We will affirm the District Court's order, affirming the Bankruptcy Court's

---

[5] Barbel raised the issue before the bankruptcy court in her motion to stay pending appeal on June 21, 2004. However, a motion to stay pending appeal, filed under Rule 8005 of the Federal Rules of Bankruptcy Procedure, is not a proper procedural device to seek to reopen the record. Because she did not present the discharge of debt argument or the Form 1099A to the bankruptcy court before the dismissal order, the issues were waived and properly not considered by the district court on appeal. *In Re: Kaiser Group Int'l Inc.*, 399 F.3d 558, 565 (3d Cir. 2005) ("[W]hen a party fails to raise an issue in the bankruptcy court, the issue is waived and may not be considered by the district court on appeal.").

dismissal of Barbel's Chapter 13 bankruptcy petition. As a result of the dismissal of the petition, the other appeals are moot.