**IN RE: Orpah BARBEL, Debtor.**

**Civil No. 2009–80**

District Court, Virgin Islands,
D. St. Thomas and St. John

Filed: 09/29/2010

Orpah Barbel, St. Thomas, U.S. Virgin Islands, Pro se appellant

Carol Ann Rich, Esq., St. Thomas, U.S.V.I., For FirstBank of Puerto Rico.

Re: Bankr. No. 09–30004

## OPINION

GÓMEZ, C.J.

Before the Court is the motion of First-Bank Puerto Rico ("FirstBank"), as suc-

cessor-in-interest to the Chase Manhattan Bank ("Chase"), a secured creditor, to dismiss the appeal of Orpah Barbel ("Barbel"). Barbel appeals an Order from the Bankruptcy Division converting her Chapter 13 case to a Chapter 7 case.

## I.  FACTS

On or about April 12, 1995, Barbel borrowed $376,000 from Chase. That loan was evidenced by a Note. Payment of the Note was secured by a Mortgage on two pieces of real property owned by Barbel: Parcel No. 19F, Estate Solberg, No. 1, Little Northside Quarter, St. Thomas, Virgin Islands, as shown on PWD No. F9–460–T–59, and, Parcel No. 23, Crystal Gade, Queens Quarter, St. Thomas, Virgin Islands (the "Properties"). Thereafter, Barbel failed to make payments under the Note as required. Chase commenced an action for debt and foreclosure in the Superior Court of the Virgin Islands.

On February 5, 1999, the Superior Court granted Chase a Judgment of Debt and Foreclosure in the total amount of $432,816.34, with interest to accrue thereon from the date of the Judgment at nine (9%) percent per annum (the "Judgment"). The Judgment was not appealed.

Effective October 15, 2002, FirstBank purchased all of the operations, accounts, and the loan portfolio of Chase in the United States and British Virgin Islands. Chase has had no further interest in this matter since the purchase.

On March 13, 2009, pursuant to Chapter 13 of Title 11 of the United States Code, Barbel filed a voluntary petition for bankruptcy protection. As required by 11 U.S.C. § 1321 et seq, Barbel filed Schedules with the Bankruptcy Division. (Bankr. Docket 1.) The Schedules stated that Barbel owns real property valued at $2,300,000 consisting of Parcel 19F Solberg (valued at $1,000,000), Parcel No 23 Crystal Gade (valued at $500,000) and Parcel 34P Marigo St. Martin, F.W.I. (valued at $800,000) (the "St. Martin Property"). Schedule D (secured creditors) lists the Virgin Islands Bureau of Internal Revenue (VIBIR) with claims of $274,701.99 and $47,092.32 and Chase with a disputed claim of $365,000 (the "FirstBank debt").[1] Schedule F (unsecured creditors) lists various debts totaling just over $20,000. Barbel's amended proposed Chapter 13 plan proposed a plan base of $280,226.36 to pay the tax claims and the unsecured creditors. (Bankr. Docket 12.) No payments were proposed for FirstBank (or Chase) to satisfy the Judgment.

On May 7, 2009, FirstBank filed a Motion to convert Barbel's Chapter 13 petition to Chapter 7. (Bankr. Docket 24, 25.) Barbel filed an opposition to the motion. (Bankr. Docket 12, Docket 31, 32.) A hearing on the matter took place on June 3, 2009. Barbel appeared *pro se*. The Bankruptcy Division granted FirstBank's motion to convert. Appellant's Br., Ex. 21, Tr. of Mot. Hr'g, June 3, 2009, at 34, 35–36 (hereinafter Tr., June 3, 2009). Barbel timely filed a notice of appeal from the order converting the case.

On appeal, Barbel asserts that the Bankruptcy Division erred in converting her Chapter 13 petition to Chapter 7 because her liquidated, noncontingent, secured debts do not exceed the statutory limit of $1,010,650 set forth in 11 U.S.C. § 109(e).[2]

---

1. As noted above, the Chase debt is now, through assignment, a FirstBank asset.

2. Effective April 1, 2010, the statutory limit set forth in 11 U.S.C. § 109(e) was raised to $1,081,400. Because this action was brought

## II. DISCUSSION

■ The Court has jurisdiction to review this case pursuant to Title 28 U.S.C. § 158(a) (2005).[3] "The bankruptcy court has broad discretion in deciding whether to dismiss or convert . . . ." *Loop Corp. v. United States Trustee*, 379 F.3d 511, 515 (8th Cir. 2004); *see also Matter of Koerner*, 800 F.2d 1358, 1367 (5th Cir. 1986) (noting that the "legislative history surrounding [Section 1112] of the Bankruptcy Act indicates that in acting upon a request for conversion, the bankruptcy court is afforded wide discretion"); *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. 1984) ("[D]etermination of cause under § 1112(b) is 'subject to judicial discretion under the circumstances of each case' ") (citation omitted). Accordingly, this Court reviews the Bankruptcy Division's decision to convert a case from Chapter 13 to Chapter 7 for abuse of discretion. *See Matter of Halvajian*, 216 B.R. 502, 511 (D.N.J. 1998) ("An abuse of discretion standard best comports with the language, structure, and purpose of section 1112(b).") (quotation omitted); *cf. In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999) (reviewing the decision whether to dismiss a Chapter 13 petition under an abuse of discretion standard).

■ "Mindful that an abuse of discretion exists where the [bankruptcy] court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact, [this Court] review[s] the findings of fact leading to the decision for clear error and exercise plenary review over the court's conclusions of law." *In re SGL Carbon*

*Corp.*, 200 F.3d 154, 159 (3d Cir. 1999) (internal citations and quotations omitted); see also *In re Barbel*, No. 01-221, 2004 WL 2203445 at *1, 2004 U.S. Dist. LEXIS 19417 at *2 (D.V.I. Sept. 21, 2004) ("A district court reviews the Bankruptcy Division's conclusions of law de novo but may only review findings of fact that are clearly erroneous.") (citing Fed. R. Bankr. P. 8013; *In re Excalibur Auto. Corp.*, 859 F.2d 454, 457 (7th Cir. 1988)), *aff'd* 183 Fed.Appx. 227 (3d Cir. 2006).

■ The very specific limitations on Chapter 13 debtor eligibility pursuant to 11 U.S.C. § 109(e) are to be strictly applied. *In re Toronto*, 165 B.R. 746, 753–754 (Bankr. D. Conn. 1994); *In re Cronkleton*, 18 B.R. 792, 793 (Bankr. S.D. Ohio 1982). A finding that the debtor is not eligible for Chapter 13 relief is cause for conversion to Chapter 7, if conversion, rather than dismissal, is in the best interests of the creditors and the estate. *In re Toronto*, 165 B.R. at 756–57; *In re Bobroff*, 32 B.R. 933, 936 (Bankr.E.D.Pa.1983); *Gaudet v. Kirshenbaum Inv. Co., Inc.*, 132 B.R. 670, 675–76 (D.R.I.1991).

## III. ANALYSIS

Barbel argues that the Bankruptcy Division erred in finding that Barbel is not eligible to be a debtor under Chapter 13. She argues that the Superior Court Judgment against her is not valid and that excluding the Judgment from her liquidated, noncontingent, secured debts puts her below the statutory minimum for Chapter 13 protection.

---

before that change, the Court will evaluate Barbel's claims under the limit of $1,010,650.

**3.** Title 28 U.S.C. § 158(a) provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees . . . of bankruptcy

judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157]. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a) (Lexis 2008).

In order to qualify for Chapter 13 protection at the time of Barbel's filing, a debtor must have liquidated, noncontingent, secured debts of less than $1,010,650. 11 U.S.C. § 109(e) (2009). "A liquidated debt is that which has been made certain as to amount due by agreement of the parties or by operation of law." *United States v. Verdunn*, 89 F.3d 799, 802 (11th Cir. 1996). A final money judgment is a liquidated debt. *Shook & Fletcher Insulation Co. v. Central Rigging & Contracting Corp.*, 684 F.2d 1383, 1387 (11th Cir. 1982) (finding that a tort claim was liquidated when the court entered judgment). Indeed, even if an appeal is pending, and bankruptcy courts are bound by the doctrine of claim preclusion to recognize a final state court judgment as a liquidated, undisputed debt. *In re Letterese*, 397 B.R. 507 (Bankr. S.D. Fla. 2008) (where debtor challenged two state court judgments, the court held that "they nonetheless count toward the statutory maximum").

"'A final judgment is one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the judgment and leaves nothing to be done in the cause save superintend, ministerially, the execution of the decrees.'" *Staples v. Ruyter Bay Land Partners, LLC*, 2007 WL 4800350, *2, 2007 U.S. Dist. LEXIS 90806, *5–6 (D.V.I. 2007) (citing *Chemlen v. Bank of Ir. First Holdings, Inc.*, 1993 WL 443822, *3, 1993 U.S. App. LEXIS 28614, *4, (1st Cir. 1993)) (finding that an order granting summary judgment for defendants functions as a final judgment).

In this case, it is clear that the Superior Court Judgment is a final judgment and should be included with Barbel's liquidated, noncontingent, secured debts. The Judgment issued by the Superior Court reached the merits of the issue before that court and disposed of the whole of that matter. Though Barbel argues that the Superior Court Judgment should not be binding on her, this action is not an appropriate avenue to appeal that Judgement. Indeed, even a challenged judgment is counted toward a debtors statutory maximum.

Given that outcome, the Court must now determine whether the Judgment debt, when added to Barbel's other liquidated, noncontingent, secured debts exceeds $1,01,650.

The VIBIR claims for $274,701.99 and $47,092.31, and the FirstBank Judgment for $736,269.49 at the time of Barbel's filing (consisting of the Judgment and interest accrued) comprise a total sum of $1,058,063.70. Because this sum is in excess of the statutory maximum of $1,010,650, Barbel is not eligible for relief under Chapter 13 and her case must be dismissed or converted.

Once cause is established under § 1307(c) to convert or dismiss, it is within the sound discretion of the bankruptcy court to determine which course of action is in the best interest of the creditors. The bankruptcy court will evaluate concerns such as how to best protect secured interests and the danger of unreasonable and prejudicial delay under § 1307(c)(1). *In re Brock*, 365 B.R. 201, 212–213 (Bkrtcy. D. Kan. 2007). In *In re Jacobsen*, 378 B.R. 805 (Bankr. E.D. Tex. 2007), the court concluded that conversion, rather than dismissal, was in the best interest of the creditors and the estate, based upon the debtor's refusal to recognize final judgments.

The record in this case supports the Bankruptcy Division's exercise of the discretion to convert to Chapter 7. As the Bankruptcy Court explained to Barbel, a Chapter 7 trustee is needed to take possession of the Properties, collect the rents,

and obtain insurance pending a sale. The court rightly pointed out that the Chapter 7 trustee can also assist Barbel in reviewing her tax liabilities and amending her returns, if appropriate. Tr. June 3, 2009 at 37–39.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Barbel's appeal. An appropriate order follows.

