NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3975
_____

In re: ORPAH BARBEL,
                              Appellant

_____

On Appeal from the District Court of the Virgin Islands
Appellate Division of St. Croix
(D.C. Civil Action No. 3-09-cv-00080)
District Judge:  Honorable Curtis V. Gómez
_____

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2011
_____

Before:  SCIRICA, RENDELL and AMBRO, <u>Circuit Judges</u>

(Opinion filed: April 14, 2011)
_____

OPINION
_____

AMBRO, <u>Circuit Judge</u>

Appellant Orpah Barbel appeals a final Opinion and Order of the District Court of

the Virgin Islands affirming the Bankruptcy Court's June 3, 2009 Order in *In re Orpah*

*Barbel*, Case No. 309-bk-30004(MFW).  We affirm.

As the facts are well known to the parties, we give only a brief description of the

issues and procedural posture of the case.  In 1995, Barbel entered into a mortgage

agreement in the amount of $376,000 with The Chase Manhattan Bank ("Chase"), now

succeeded in interest by FirstBank Puerto Rico ("FirstBank").[1] The note was secured by

two pieces of real property owned by Barbel, both located on St. Thomas in the U.S.

Virgin Islands.[2] In 1997, Chase began foreclosure proceedings in the Superior Court of

the Virgin Islands (previously the Territorial Court of the Virgin Islands). In February

1999, the Superior Court granted Chase a judgment in the amount of $432,816.34. That

judgment was not appealed and interest has been accruing since its date of entry.

Before the sale of the property was conducted, Barbel filed a voluntary Chapter 13

bankruptcy petition on March 22, 1999, and an automatic stay was entered regarding the

real property securing the note. Within one week, Chase filed a proof of claim in

Barbel's bankruptcy and Barbel did not object. In April 2001, the Bankruptcy Court

lifted that portion of the automatic stay that had prevented enforcement of the debt

against Barbel's property at No. 19F, Estate Solberg.

The Court dismissed Barbel's Chapter 13 petition in 2003.[3] The District Court of

the Virgin Islands and our Court both denied her appeals of the Bankruptcy Court's

---

[1] FirstBank acquired all of Chase's holdings in the Virgin Islands in October 2002, including Barbel's loan. Chase has had no further interest in this matter.

[2] The purpose of the loan was to finance Barbel's purchase of Parcel 19F, Estate Solberg, No. 1, Little Northside Quarter, St. Thomas, Virgin Islands. The other property is Parcel No. 23, Crystal Gade, Queens Quarter, St. Thomas, Virgin Islands.

[3] We summarized these proceedings in our previous opinion:

> During the bankruptcy proceedings, Barbel claimed to own real property on St. Martin that could be used to finance her reorganization plan. Barbel failed, however, to produce a deed or any equivalent documentation proving ownership of the property.

Order.  While those appeals were pending, Barbel filed a second Chapter 13 bankruptcy petition in October 2004.  The Bankruptcy Court dismissed that petition in March 2005 and barred Barbel from filing any further bankruptcy petitions for 180 days.   Barbel appealed that order as well, and the District Court of the Virgin Islands and our Court once again rejected her appeals.

Barbel filed a third Chapter 13 bankruptcy petition in March 2009.  Her amended proposed Chapter 13 plan did not include any proposed payments to FirstBank (or Chase) to satisfy the 1999 Superior Court judgment—indeed, Barbel has ignored or disputed the validity of that Judgment in numerous court proceedings for over a decade despite definitive rulings rejecting her challenges to the judgment.

In May 2009, FirstBank filed  a motion to convert Barbel's third Chapter 13 petition to Chapter 7, which Barbel opposed.  The Bankruptcy Court held a hearing on the matter in June 2009 at which Barbel appeared *pro se*.  It granted FirstBank's motion to convert for three reasons: (1) Barbel is not eligible to be a debtor under Chapter 13 because her liquidated, non-contingent, secured debts exceed the statutory limit in 11

---

> The confusion over the alleged property on St. Martin significantly delayed the proceedings.  Other problems with the Chapter 13 proceedings further delayed the process.  For example, Barbel filed five reorganization plans during the near five year pendency of the proceedings, none of which was confirmable.  She failed to meet her obligations under an interim plan to make payments of $3,000 per month.  In addition, Barbel insisted on filing numerous *pro se* motions despite a court order prohibiting such action. She also repeatedly fired her attorneys.  Finally, Barbel refused to document properly a sale of her formalwear inventory, which caused the Bankruptcy Court to forbid its liquidation.

*In re Barbel*, 183 F. App'x. 227, 228 (3d Cir. 2006).

U.S.C. § 109(e); (2) conversion was merited under 11 U.S.C. § 1307(c) because the petition was filed in bad faith; and (3) conversion to allow for liquidation of Barbel's assets by a Chapter 7 Trustee is in the best interest of the creditors and the estate.

Barbel appealed, asserting that the Bankruptcy Court erred in calculating her liquidated, non-contingent, secured assets under 11 U.S.C. § 109(e). The District Court explained the legal framework and standard of review, carefully analyzed Barbel's claim, and affirmed the Bankruptcy Court's order converting the case. She now appeals the District Court's opinion and order. After reviewing the parties' briefs and relevant portions of the record, we conclude that the District Court correctly applied the relevant legal standards, and we affirm for the reasons stated by that Court. Simply put, we have nothing to add to the District Court's affirmance of the Bankruptcy Court's order.